**Stephen Manning** (SBN 013373)
stephen@innovationlawlab.org
**Nadia Dahab** (SBN 125630)
nadia@innovationlawlab.org
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: +1 503 241-0035
Facsimile: +1 503 241-7733

**Karen C. Tumlin** (admitted *pro hac vice*)
karen.tumlin@justiceactioncenter.org
**Esther H. Sung** (admitted *pro hac vice*)
esther.sung@justiceactioncenter.org
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: +1 323 316-0944

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page.)*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JOHN DOE #1; JUAN RAMON MORALES; JANE DOE #2; JANE DOE #3; IRIS ANGELINA CASTRO; BLAKE DOE; BRENDA VILLARRUEL; and LATINO NETWORK, <br><br> Plaintiffs, <br><br> v. <br><br><br> DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; KEVIN MCALEENAN, in his official capacity as Acting Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX M. AZAR II, in his official capacity as Secretary of the Department of Health and Human Services; U.S. DEPARTMENT OF STATE; MICHAEL POMPEO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No.: 3:19-cv-01743-SB <br><br><br><br><br><br> **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br><br> **ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND .....................................................................................................................6

    A.    The Proclamation And Its Implementation.............................................................6

    B.    The Plaintiffs And The Government's Impact On Plaintiffs' Immigration Status ..7

        1.    Plaintiff John Doe #1 ................................................................................7

        2.    Plaintiff Juan Ramon Morales .................................................................8

        3.    Plaintiff Jane Doe #2 ................................................................................8

        4.    Plaintiff Jane Doe #3 ................................................................................9

        5.    Plaintiff Iris Angelina Castro ...................................................................9

        6.    Plaintiff Blake Doe .................................................................................10

        7.    Plaintiff Brenda Villarruel .....................................................................10

        8.    Plaintiff Gabin Soriano Castellanos........................................................11

        9.    Plaintiff Latino Network .........................................................................11

    C.    The Proposed Class................................................................................................12

    D.    Procedural History ................................................................................................13

ARGUMENT ........................................................................................................................14

I.    The Proposed Class Satisfies Rule 23(a)'s Requirements. ..................................15

    A.    The Proposed Class Satisfies The Numerosity Requirement. ..............................15

    B.    Plaintiffs' Claims Raise Legal And Factual Questions Common To The Class. ..19

    C.    Plaintiffs' Claims Are Typical Of Class Members' Claims. .................................23

    D.    Plaintiffs Will Adequately Protect The Interests Of The Proposed Class And Their Counsel Are More Than Qualified To Litigate This Action................................25

        1.    Class Representatives..............................................................................25

        2.    Class Counsel..........................................................................................26

     E.     The Class Is Sufficiently Ascertainable. ...................................................26

II.     The Action Satisfies The Requirements of Rule 23(b). .....................................28

     A.     Certification Is Proper Under Rule 23(b)(2). .........................................28

     B.     Certification Is Proper Under Rule 23(b)(1)(A). ...................................30

CONCLUSION .....................................................................................................................31

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adair v. England*,
  2019 F.R.D. 5 (D.D.C. 2002) ................................................................31

*Adamson v. Bowen*,
  855 F.2d 668 (10th Cir. 1988) .............................................................28

*Ali v. Ashcroft*,
  213 F.R.D. 390 (W.D. Wash. 2003) .....................................................18

*Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*,
  446 F.2d 763 (8th Cir. 1971) ...............................................................18

*Arnott v. U.S. Citizenship & Immigration Servs.*,
  290 F.R.D. 579 (C.D. Cal. 2012) ...................................................15, 23

*Arroyo v. U.S. Dep't of Homeland Sec.*,
  2019 WL 2912848 (C.D. Cal. June 20, 2019) ......................................29

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) .............................................................26

*Caput v. NTT Security US Inc.*,
  2019 WL 3308771 (C.D. Cal. Apr. 19, 2019) ......................................21

*Carrillo v. Schneider Logistics, Inc.*,
  2012 WL 556309 (C.D. Cal. Jan. 31, 2012) ...........................................5

*Cervantez v. Celestica Corp.*,
  253 F.R.D. 562 (C.D. Cal. 2008) .........................................................17

*In re Cooper Co. Inc. Sec. Litig.*,
  254 F.R.D. 628 (C.D. Cal. 2009) .........................................................16

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ...............................................................22

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) .............................................................22

*Franco-Gonzales v. Napolitano*,
  2011 WL 11705815 (C.D. Cal. Nov. 21, 2011)....................................15

*Freedman v. Louisiana-Pacific Corp.*,
    922 F. Supp. 377 (D. Or. 1996) ........................................................................15

*Giles v. St. Charles Health Sys., Inc.*,
    294 F.R.D. 585 (D. Or. 2013) ..........................................................................19

*Gray v. County of Riverside*,
    2014 WL 5304915 (C.D. Cal. Sept. 2, 2014) ..............................................5, 31

*Greater Los Angeles Agency on Deafness, Inc. v. Reel Servs. Mgmt. LLC*,
    2014 WL 12561074 (C.D. Cal. May 6, 2014) ..................................................27

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................. *passim*

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ...........................................................................24

*Hawker v. Consovoy*,
    198 F.R.D. 619 (D.N.J. 2001) ..........................................................................19

*Hernandez v. Lynch*,
    2016 WL 7116611 (C.D. Cal. Nov. 10, 2016) ...........................................23, 30

*Hum v. Dericks*,
    162 F.R.D. 628 (D. Haw. 1995) .......................................................................18

*Inland Empire—Immigrant Youth Collective v. Nielsen*,
    2018 WL 1061408 (C.D. Cal. Feb. 26, 2018) ..................................................21

*Jimenez v. Allstate Ins. Co.*,
    765 F.3d 1161 (9th Cir. 2014) .........................................................................19

*Jordan v. Cty. of Los Angeles*,
    669 F.2d 1311 (9th Cir. 1982) .........................................................................16

*LaDuke v. Nelson*,
    762 F.2d 1318 (9th Cir. 1985) .........................................................................25

*Lamumba Corp. v. City of Oakland*,
    2007 WL 3245282 (N.D. Cal. Nov. 2, 2007) ..................................................27

*Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) .........................................................................25

*Lynch v. Rank*,
    604 F. Supp. 30 (N.D. Cal. 1984) ..............................................................16, 25

*Lyon v. ICE,*
   308 F.R.D. 203 (N.D. Cal. 2015)............................................................................28

*Marisol A. v. Giuliani,*
   126 F.3d 372 (2d Cir. 1997).................................................................................25

*Mazza v. Am. Honda Motor Co.,*
   666 F.3d 581 (9th Cir. 2012) ...............................................................................19

*Mendez Rojas v. Johnson,*
   2017 WL 1397749 (W.D. Wash. Jan. 10, 2017)...................................................15

*Moreno v. Napolitano,*
   2014 WL 4911938 (N.D. Ill. Sept. 30, 2014) .......................................................27

*Ms. J.P. v. Jefferson B. Sessions, et al.,*
   Case No. LA CV18-06081 (C.D. Cal. Nov. 5, 2019) ...........................................26

*Ms. L. v. U.S Immigration & Customs Enf't ("ICE"),*
   330 F.R.D. 284 (S.D. Cal. 2019) ..........................................................................15

*Murphy v. Precision Castparts Corp.,*
   2018 WL 3151426, at *2 (D. Or. June 6, 2018) ...................................................19

*NECA-IBEW Pension Trust Fund v. Precision Castparts Corp.,* Case No. 3:16-cv-
   01756-YY (D. Or. 2017)........................................................................................26

*O'Connor v. Boeing N. Am., Inc.,*
   184 F.R.D. 311 (C.D. Cal. 1998)..........................................................................27

*Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.,*
   188 F.R.D. 365 (D. Or. 1998) ...............................................................................15

*Parsons v. Ryan,*
   754 F.3d 657 (9th Cir. 2014) ...............................................................19, 20, 29

*Rodriguez v. Hayes,*
   591 F.3d 1105 (9th Cir. 2010) .............................................................23, 28, 29

*Sali v. Corona Reg'l Med. Ctr.,*
   909 F.3d 996 (9th Cir. 2018) ................................................................................25

*Santillan v. Ashcroft,*
   2004 WL 2297990 (N.D. Cal. Oct. 12, 2004)........................................................15

*Saravia v. Sessions,*
   280 F. Supp. 3d 1168 (N.D. Cal. 2017) ................................................................16

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010)..................................................................................14

*Smith v. Heckler*,
    595 F. Supp. 1173 (E.D. Cal. 1984)......................................................18

*Staley v. Kulongoski*,
    No. 3:00-cv-00078-ST, Dkt. No. 31, Order (D. Or. 2000) .....................24

*Unknown Parties v. Johnson*,
    163 F. Supp. 3d 630 (D. Ariz. 2016) .....................................................26

*Valle del Sol v. Whiting*,
    No. CV 10-1061-PHX-SRB, 2012 WL 12868853 (D. Ariz. July 24, 2012).........................26

*Wagafe v. Trump*,
    2017 WL 2671254 (W.D. Wash. June 21, 2017).....................................14

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)...........................................................................22, 28

*Walters v. Reno*,
    145 F.3d 1032 (9th Cir. 1998) ........................................................ *passim*

*Weinberger v. Thornton*,
    114 F.R.D. 599 (S.D. Cal. 1986) ...........................................................23

*Wit v. United Behavioral Health*,
    317 F.R.D. 106 (N.D. Cal. 2016)........................................................5, 19

*In re Yahoo Mail Lit.*,
    308 F.R.D. 577 (N.D. Cal. 2015)...........................................................28

**Statutes**

Administrative Procedure Act....................................................... *passim*

Immigration and Nationality Act................................................... *passim*

Violence Against Women Act .......................................................................7

**Other Authorities**

84 Fed. Reg. 58199 (Oct. 30, 2019)............................................................6

Fed. R. Civ. P. 23 ........................................................................... *passim*

U.S. Const. amend. IV .............................................................................25

U.S. Const. amend. V.................................................................................................. *passim*

Plaintiffs respectfully move this Court, pursuant to Federal Rule of Civil Procedure 23, to certify the following class with all named Plaintiffs[1] appointed as class representatives and appointing their undersigned counsel as class counsel:

> Individuals in the United States who currently have an approved or pending petition to the United States government to sponsor a noncitizen family member for an immigrant visa, or who will soon file such a petition; and whose sponsored family member is subject to the Proclamation and unable to demonstrate to a consular officer's satisfaction that he or she "will be covered by approved health insurance" within 30 days after entry or will be able "to pay for reasonably foreseeable medical costs" ("U.S. Petitioner Subclass"); and

> Individuals who are foreign nationals who (i) have applied for or will soon apply to the United States government for an immigrant visa; (ii) are otherwise eligible to be granted the visa; but (iii) are subject to the Proclamation and unable to demonstrate to the satisfaction of a consular officer that they "will be covered by approved health insurance" within 30 days after entry or will be able "to pay for reasonably foreseeable medical costs" ("Visa Applicant Subclass").

In accordance with Local Rule 7-2, the parties made a good faith effort to resolve the dispute and have been unable to do so.

## INTRODUCTION

Early last month, the Defendants, in their official capacities, sought to block tens of thousands of prospective legal immigrants, mostly from non-European countries, from receiving visas and coming to the United States. They did so through the issuance and implementation of a presidential "Proclamation" that seeks to unilaterally rewrite this country's immigration laws by imposing a new ground for inadmissibility that Congress has expressly rejected and create requirements that will be difficult, if not impossible, for most otherwise qualified immigrant visa

---

[1] An additional named Plaintiff discussed below—Gabin Soriano Castellanos—will be added in a forthcoming amendment to the complaint. Plaintiffs seek the appointment this additional named Plaintiff (and any other plaintiffs added in the forthcoming amendment) as a class representative along with the Plaintiffs named in the current complaint (Dkt. No. 1).

applicants to satisfy. Specifically, the Defendants seek to require all applicants for immigrant visas who are subject to the Proclamation to "demonstrate to the consular office at the time of interview" that they will be covered by "approved" health insurance within 30 days of entry or have the financial resources to pay for "reasonably foreseeable medical costs." The U.S. Department of State has stated publicly that the inability to meet this requirement will result in the denial of the immigrant visa application, entirely disregarding the existing statutory and regulatory framework in what would be the largest ever suspension of the entry of immigrants of its kind.

The Proclamation contravenes well-established and duly enacted immigration and healthcare laws, exceeds the scope of the President's statutory authority, and violates the Constitution. Accordingly, in their Motion for Preliminary Injunction, filed concurrently herewith, Plaintiffs seek an injunction preventing Defendants from enforcing the Proclamation.

Together with this injunctive relief, Plaintiffs seek to certify a nationwide class under Federal Rules of Civil Procedure 23(a), 23(b)(1)(A), and 23(b)(2) consisting of the following two subclasses:

1) Individuals in the United States who currently have an approved or pending petition to the United States government to sponsor a noncitizen family member for an immigrant visa, or who will soon file such a petition; and whose sponsored family member is subject to the Proclamation and unable to demonstrate to a consular officer's satisfaction that he or she "will be covered by approved health insurance" within 30 days after entry or will be able "to pay for reasonably foreseeable medical costs" ("U.S. Petitioner Subclass"); and

2) Individuals who are foreign nationals who (i) have applied for or will soon apply to the United States government for an immigrant visa; (ii) are otherwise eligible to be granted the visa; but (iii) are subject to the Proclamation and unable to demonstrate to the satisfaction of a consular officer that they "will be covered by approved health insurance" within 30

days after entry or will be able "to pay for reasonably foreseeable medical costs" ("Visa Applicant Subclass").

The proposed class satisfies the requirements of numerosity, commonality, typicality, and adequacy under Rule 23 and is ascertainable.

**Numerosity.** The proposed class satisfies the numerosity requirement. The U.S. Petitioner Subclass includes tens of thousands of individuals who either currently have an approved or pending petition to the U.S. government to sponsor a noncitizen family member for an immigrant visa, or who will soon file such petition; and whose sponsored family member is subject to the Proclamation and unable to demonstrate they "will be covered by approved health insurance" within 30 days after entry or will be able "to pay for reasonably foreseeable medical costs." The Visa Applicant Subclass, likewise, consists of tens of thousands of individuals who have applied or will soon apply to the U.S. government for an immigrant visa, are otherwise eligible to be granted the visa, but are subject to the Proclamation and unable to meet its requirements.

**Commonality.** The class claims raise numerous common questions of fact and law. Each member of the proposed class will be harmed as a result of Defendants' adoption and implementation of the Proclamation. At its core this case is a challenge to a single Proclamation that impacts each and every class member. Common questions of law include whether the Defendants' Proclamation and its implementation exceeds the statutory authority provided to Defendants by the Immigration and Nationality Act ("INA"), and whether Defendants' Proclamation and its implementation violates Plaintiffs' and the class members' rights under the Administrative Procedure Act ("APA") and/or the Fifth Amendment to the U.S. Constitution. Common answers as to the legality of the Proclamation and its implementation will drive the resolution of the litigation.

Page 3 – PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Common questions of fact pertaining to the Proclamation include whether Defendants relied on factors Congress did not intend for them to consider; failed to address important aspects of the problem they are purporting to address; quantified or considered harms that would result from the Proclamation; and followed required procedures before issuing and implementing the Proclamation, including notice and opportunity for public comment. In addition, common questions of fact exist regarding the practical workability of the Proclamation's requirements, the Proclamation's discriminatory impact, and the Defendants' motivation for issuing the proclamation.

**Typicality.** Plaintiffs' claims are also typical of the class of individuals whom they seek to represent—that is, other U.S. citizens who have sponsored an immediate relative for an immigrant visa, or foreign nationals who are or will be applying for an immigrant visa under one of the immigrant categories subject to the Proclamation. Plaintiffs assert the same claims under the APA, Fifth Amendment, and Ultra Vires as the members of the proposed class.

**Adequacy.** The proposed class representatives satisfy the adequacy requirement as the Plaintiffs assert the same claims and seek the same relief—an injunction that will protect themselves and the entire class from Defendants' challenged practices under the Proclamation. Additionally, the proposed class counsel form a team of attorneys from the American Immigration Lawyers Association, Innovation Law Lab, Justice Action Center, and Sidley Austin LLP with significant experience litigating class actions and other complex cases in federal court, including cases involving immigration issues and civil rights cases on behalf of noncitizens.

**Ascertainability.** The proposed class is ascertainable using Defendants' records, as the class is defined by clear and objective criteria.

In addition, the proposed class meets the requirements of both Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(2). Plaintiffs' proposed class satisfies Rule 23(b)(2) because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Defendants seek to deny immigrant visas to otherwise eligible applicants and the noncitizen family members of individuals living in the U.S. solely based on the inability to demonstrate to a consular officer's satisfaction that he or she "will be covered by approved health insurance" within 30 days after entry or will be able "to pay for reasonably foreseeable medical costs." As a result, the declaratory and injunctive relief sought by the plaintiffs will be appropriate with respect to the class as a whole. In addition, the proposed class satisfies Rule 23(b)(1)(A) because Defendants here have adopted a single policy—the Proclamation—through which they seek to improperly bar otherwise qualified visa applicants from receiving visas.

Accordingly, this Court should grant class certification under Rules 23(b)(1)(A) and 23(b)(2) for purposes of entering Plaintiffs' requested classwide preliminary and permanent injunctions. *See Gray v. County of Riverside*, 2014 WL 5304915, at *37 (C.D. Cal. Sept. 2, 2014) (certification under 23(b)(1)(A) appropriate where "many individuals, all challenging a single government policy, bring separate suits for injunctive relief"); *Wit v. United Behavioral Health*, 317 F.R.D. 106 (N.D. Cal. 2016) (certification under Rule 23(b)(2) appropriate for purpose of entering injunctive relief where the plaintiff established that prerequisites in Rule 23(a) were also met).[2]

---

[2] In the alternative, the Court should provisionally certify the class for the purpose of entering a preliminary injunction. *Carrillo v. Schneider Logistics, Inc.*, 2012 WL 556309, at *9 (C.D. Cal. Jan. 31, 2012) ("courts routinely grant provisional class certification for purposes of entering

# BACKGROUND

## A.    The Proclamation And Its Implementation

On October 4, 2019, President Trump signed the "Presidential Proclamation on the Suspension of Entry of Immigrants Who Will Financially Burden the United States Healthcare System" (the "Proclamation"). Under the Proclamation, beginning on November 3, 2019, immigrants would be banned from receiving visas and permanently barred from entering the U.S. unless they can demonstrate, "to the satisfaction of a consular officer," that they will be able to obtain "approved" health insurance coverage within 30 days after arriving in the U.S.[3] In the alternative, immigrants would need to be able to show that they "[possess] the financial resources to pay for reasonably foreseeable medical costs."[4] The Proclamation and the State Department's subsequent "Emergency Notice"[5] set out a narrow range of "approved health insurance" options and consular officer procedures for implementation. No "subsidized" health plan offered in the individual market within a State under the ACA qualifies.[6] Nor does Medicaid qualify as "approved health insurance" for any individual over 18, even though some states have chosen to make Medicaid available to certain adults over 18, including certain new and recently arrived immigrants.[7] The only realistically available options for "approved health insurance" under the Proclamation appear to be visitor insurance plans, and possibly short-term limited

---

injunctive relief"), *aff'd*, 501 F. App'x 713 (9th Cir. 2012).  Provisional certification is not necessary here, however, because all requirements of Rule 23 are readily satisfied.

[3] Ex. 1.

[4] *Id*.

[5] 84 Fed. Reg. 58199 (Oct. 30, 2019).

[6] Ex. 1.

[7] *Id*.

duration plans. However, unlike plans available under the ACA, visitor and short-term limited duration plans are not required to provide "essential health benefits," which include hospitalization, prescription drugs, emergency services, and maternity and newborn care. Moreover, they often leave individuals underinsured or effectively uninsured because they are non-comprehensive.[8]

With limited exception, the Proclamation applies to nearly all individuals seeking to enter the U.S. with an immigrant visa.[9] The Proclamation, moreover, has no expiration date. Essentially, under the Proclamation, a lack of "approved" insurance, or the inability to prove that an intending immigrant can pay for "reasonably foreseeable" medical care, absolutely bars the entry of that individual to the U.S. despite their meeting all of the requirements mandated by Congress in the INA.

### B.    The Plaintiffs And The Government's Impact On Plaintiffs' Immigration Status

#### 1.    Plaintiff John Doe #1

John Doe #1 is a U.S. citizen of Mexican origin who resides in Beaverton, Oregon with his wife, a Mexican citizen, and his fourteen-year-old U.S. citizen son. John Doe #1, who is not able to work due to a disability, sponsored an immigrant visa for his wife so that she can have

---

[8] Susan Morse, "Increase in Uncompensated Hospital Care Could Be One Effect of Short-Term Coverage Rule," HEALTHCARE FINANCE (Aug. 1, 2018), https://www.healthcarefinancenews.com/news/increase-uncompensated-hospital-care-could-be-one-effect-short-term-coverage-rule; *see also* Rick Pollack, *AHA Statement on Final Rule on Short-Term, Limited-Duration Health Insurance Plans,* AMERICAN HOSPITAL ASSOCIATION (Aug. 1, 2018),  https://www.aha.org/press-releases/2018-08-01-aha-statement-final-rule-short-term-limited-duration-health-insurance.

[9] That includes diversity visa lottery winners and certain crime victims to whom Congress has made humanitarian immigrant visas available through the U-visa program and the Violence Against Women Act.

legal status to live and work in the U.S.[10] Her immigrant visa consular interview was scheduled for November 6, 2019.[11] Under the Proclamation and Defendants' implementation of its requirements, John Doe #1 and his wife cannot afford or qualify for an "approved" health insurance option for her and fear that they lack sufficient financial resources to pay foreseeable medical costs out of pocket.[12]

### 2.    Plaintiff Juan Ramon Morales

Juan Ramon Morales is a U.S. citizen originally from Puerto Rico who now resides in Liberty, New York, with his wife, Vianca Morales, a Mexican citizen, their daughter, and Ramon's step-daughter. Mr. Morales has sponsored his wife for an immigrant visa and she is waiting to schedule her consular interview, but he is not likely able to add his wife - who was diagnosed with leukemia and has epilepsy - to his employer-sponsored health insurance or obtain another "approved" health insurance plan under the Proclamation due to cost.[13]

### 3.    Plaintiff Jane Doe #2

Jane Doe #2 is a U.S. citizen of Nicaraguan origin and a single mother of two children who resides in Rancho Cucamonga, California. She has an approved I-130 petition for her parents, who are living in Nicaragua and waiting to schedule their consular interview.[14] She has been unable to find available and affordable health insurance for her parents that complies with the Proclamation, and it is unlikely that they will be able to show the ability to pay for

---

[10] *See* Declaration of John Doe #1, ¶ 4.

[11] *See id.* ¶ 7.

[12] *See id.* ¶ 9.

[13] *See* Declaration of Juan Ramon Morales, ¶9; ¶¶ 5-7.

[14] *See* Declaration of Jane Doe #2, ¶¶ 6-8.

reasonably foreseeable medical costs as required under the Proclamation and Defendants' implementation of its provisions.[15]

### 4.    Plaintiff Jane Doe #3

Jane Doe #3 is a U.S. citizen who currently resides in Los Angeles, California. She is unable to work due to a disability and has insurance through Medi-Cal, California's Medicaid program.[16] Jane Doe #3 has an approved I-130 petition for her husband,[17] a German citizen who currently resides in Berlin, Germany and is an architect who teaches architectural theory and design. Although her husband is gathering documents for consular processing, Jane Doe #3 does not believe that her husband will be able to prove at a consular interview that he would be covered by approved health insurance within 30 days of his entry into the U.S.[18] Like many individuals who will be impacted by implementation of the Proclamation, Jane Doe #3 and her husband do not have the financial resources to afford "approved" health insurance or pay for her husband's multiple sclerosis treatments.[19]

### 5.    Plaintiff Iris Angelina Castro

Iris Angelina Castro is a U.S. citizen who lives in Springfield, Massachusetts, with her son, who is a U.S. citizen. She recently became unemployed and currently has state health insurance. She has an approved I-130 visa petition for her husband, Hermogenes Castro Molina, a Dominican citizen, so that they can reunite in the U.S.[20] He is currently in the process of filing

---

[15] *See id.* ¶8; ¶10.

[16] *See* Declaration of Jane Doe #3, ¶ 3.

[17] *See id.* ¶ 8.

[18] *See id.* ¶ 11.

[19] *See id.* ¶¶ 10-12.

[20] *See* Declaration of Iris Angelina Castro, ¶ 7.

all documents necessary to schedule a consular interview.[21] However, they do not believe that he will be able to prove that he can obtain available and affordable "approved" health insurance within 30 days of entering the U.S. or pay for foreseeable medical costs as required under the Proclamation and Defendants' implementation of its provisions.[22]

### 6.    Plaintiff Blake Doe

Blake Doe is a U.S. citizen living in Corvallis, Oregon, with his wife. He has approved I-130 immigrant petitions for his parents, both Mexican citizens, with whom he had lived his entire life in Oregon until going to college at Oregon State University to study civil engineering. Blake Doe's parents are currently waiting to have their consular interview scheduled in Ciudad Juarez, Mexico.[23] Blake Doe and his parents do not believe that they would be able to prove that his parents would be able to obtain available and affordable "approved" health insurance within 30 days of their entry into the U.S. or to pay foreseeable medical expenses out of pocket as required under the Proclamation and Defendants' implementation of its provisions.[24]

### 7.    Plaintiff Brenda Villarruel

Brenda Villarruel is a U.S. citizen who currently resides in Chicago, Illinois, with her U.S. citizen son and U.S. citizen parents. Ms. Villarruel works part time as a licensed medical assistant. She does not have medical insurance and receives health care, when necessary, through a clinic that charges based on income.[25] Ms. Villarruel has sponsored an immigrant visa for her husband, a Mexican citizen who currently resides in Mexico City, Mexico, and is awaiting

---

[21] *See id.* ¶ 8.

[22] *See id.* ¶¶ 10-11.

[23] *See* Declaration of Blake Doe, ¶¶ 3, 6-7.

[24] *See id.* ¶¶ 10-12.

[25] *See* Declaration of Brenda Villarruel, ¶ 4.

consular processing now that he was forced to reschedule his interview due to the

Proclamation.[26] Ms. Villarruel and her husband do not have the resources to obtain available and

affordable "approved" health insurance coverage for him nor can they afford to pay his

foreseeable medical expenses out of pocket as required under the Proclamation and Defendants'

implementation of its provisions.[27]

### 8. Plaintiff Gabin Soriano Castellanos

Plaintiff Gabin Soriano Castellanos is a citizen of Mexico married to Brenda Villarruel, a

U.S. citizen. Mr. Castellanos is currently awaiting his immigrant visa interview after Ms.

Villarruel sponsored his application.[28] Mr. Castellenos has followed the necessary procedures for

obtaining the visa, including filing an I-601, which was approved.[29] However, after the

announcement of the Proclamation, Mr. Castellanos postponed his interview because he and Ms.

Villarruel do not qualify for or cannot afford each of the approved health plans under the

Proclamation.[30] Mr. Castellenos will not be able to join his wife and stepson in the U.S. due to

the Proclamation's restrictions on health insurance options.

### 9. Plaintiff Latino Network

Latino Network is a non-profit organization based in Portland, Oregon.[31] Latino

Network's organizational mission is to educate and empower Multnomah County Latinos to

achieve physical and mental health, safe housing, sustainable financial stability, and social

---

[26] *See id.* ¶¶ 6-7, 9.

[27] *See id.* ¶9.

[28] *See* Declaration of Gabin Soriano Castellanos, ¶ 6.

[29] *See id.* ¶ 8.

[30] *See id.* ¶ 9.

[31] *See* Declaration of Carmen Rubio ¶ 2.

support.[32] Latino Network does so by offering a variety of programs and services, including early childhood services, community-based programs, school-based programs, arts and culture programs for youth, health and wellness programs, and civic leadership programs.[33] Supporting the successful integration of immigrants into the community is a fundamental principle of the organization; many of its members are newly arrived immigrants or are in the process of sponsoring their family members for visas.[34] The Proclamation has forced Latino Network to divert resources from its core activities to address the Proclamation's fallout within the community the organization serves.[35]

### C.    The Proposed Class

Plaintiffs' stories and experiences make manifest the fundamental injustice of denying immigration status to individuals and their families based on a single factor: their ability to afford health care. Their experiences exemplify the widespread impact that the Proclamation and Emergency Notice will have on immigrants and their families once enforced by consular officials. Class members are people just like them: individuals seeking immigration status via applications for immigrant visas for themselves or their family members who would otherwise be eligible for entry into this nation but for the cruel and arbitrary barrier the Proclamation erects.

---

[32] *See id.* ¶ 4.

[33] *See id.* ¶ 5.

[34] *See id.* ¶ 6.

[35] *See id.* ¶¶ 10-16.

### D.    Procedural History

On October 30, 2019, Plaintiffs filed a class action complaint in the U.S. District Court for the District of Oregon.[36] The complaint asserted causes of action based on the Defendants' violations of the INA, APA, Ultra Vires, and the equal protection and due process requirements of the Fifth Amendment. Plaintiffs also filed a Motion for Temporary Restraining Order on November 11, 2019 in the same court.[37]

In response to the Plaintiffs' filings, on November 2, 2019, the Court issued a nationwide temporary restraining order enjoining the Defendants from "taking any action to implement or enforce" the Proclamation for 28 days.[38] The Court found that the Plaintiffs had shown the "substantial likelihood that many, if not all, of the options the Proclamation provides as 'approved health insurance' are legally or practically impossible for the individual Plaintiffs and the members and clients of Latino Network to acquire."[39] The Court also noted that the "Defendants' implementation of the Proclamation likely constitutes final agency action that is 'arbitrary, capricious, [or] an abuse of discretion.'"[40] The Court then acknowledged that the Plaintiffs had shown "substantial likelihood of success, or at least serious questions going to the merits," on whether Defendants' actions are ultra vires and also "not in accordance with law" under the APA.[41] Finally, the Court also found that the Plaintiffs had "sufficiently show[n] that

---

[36] *See* Complaint, Dkt. No. 1.

[37] TRO Motion, Dkt. No. 7.

[38] TRO, Dkt. No. 33 at 18.

[39] *Id.* at 17.

[40] *Id.* (quoting *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 966 (9th Cir. 2015) (en banc) (quoting 5. U.S.C. 706(2)(A))).

[41] *Id.* at 17.

temporary injunctive relief [was] in the public interest because of the widespread detrimental effects that the Proclamation will cause if it takes effect before the parties can be heard."[42]

Plaintiffs have contemporaneously filed a Motion for Preliminary Injunction in conjunction with this Motion for Class Certification. As detailed in Motion for Preliminary Injunction, Plaintiffs seek for themselves and the proposed class members a preliminary injunction preventing Defendants from implementing or enforcing the Proclamation. Certification of the proposed class in this action is appropriate under Rule 23 for the reasons set forth below.

## ARGUMENT

A plaintiff whose suit meets the requirements of Federal Rule of Civil Procedure 23 has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 398 (2010). To meet these requirements, the "suit must satisfy the criteria set forth in [Rule 23(a)] (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Id*.

Plaintiffs' proposed class satisfies all four Rule 23(a) prerequisites, as well as the judicially implied requirement of ascertainability. The proposed class likewise meets the requirements for certification under two subsections of Rule 23(b). This Court should certify the proposed class in keeping with the numerous court decisions certifying classes in similar actions challenging the federal government's administration of immigration programs. *See, e.g*., *Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998) (affirming certification of nationwide class of individuals challenging adequacy of notice in document fraud cases); *Wagafe v. Trump*, 2017 WL 2671254,

---

[42] *Id*. at 18.

at *1 (W.D. Wash. June 21, 2017) (certifying nationwide class of naturalization applicants challenging national security screening procedures); *Mendez Rojas v. Johnson*, 2017 WL 1397749 (W.D. Wash. Jan. 10, 2017) (certifying two nationwide classes of asylum seekers challenging defective asylum application procedures); *Ms. L. v. U.S Immigration & Customs Enf't ("ICE")*, 330 F.R.D. 284, 292-93 (S.D. Cal. 2019) (certifying class consisting of parents who entered the U.S. at or between designated ports of entry who (1) have been, are, or will be detained in immigration custody by the DHS, and (2) have a minor child who is or will be separated from them absent a determination that the parent is unfit or presents a danger to the child); *Arnott v. U.S. Citizenship & Immigration Servs*., 290 F.R.D. 579 (C.D. Cal. 2012) (certifying nationwide class of immigrant investors challenging USCIS's retroactive application of new rules governing approval petitions to remove permanent residency conditions); *Santillan v. Ashcroft*, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) (certifying nationwide class of lawful permanent residents challenging delays in receiving documentation of their status).

## I. The Proposed Class Satisfies Rule 23(a)'s Requirements.

### A. The Proposed Class Satisfies The Numerosity Requirement.

Rule 23(a)(1) requires a showing that the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Franco-Gonzales v. Napolitano*, 2011 WL 11705815, at *6 (C.D. Cal. Nov. 21, 2011) (quoting *Harris v. Palm Springs Alpine Estates, Inc*., 329 F. 2d 909, 913-14 (9th Cir. 1964)). "Plaintiffs need not be able to identify all Class Members, so long as there are enough to make joinder impracticable." *Freedman v. Louisiana-Pacific Corp*., 922 F. Supp. 377, 398 (D. Or. 1996). Most courts, including those in the Ninth Circuit and this District, presume numerosity where the plaintiff class contains forty or more members. *See, e.g.*, *Oregon Laborers-Employers Health & Welfare*

*Trust Fund v. Philip Morris, Inc.*, 188 F.R.D. 365, 372 (D. Or. 1998); *In re Cooper Co. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009); *see also Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1319-20 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982).

Plaintiffs here do not need to identify a precise number of class members in order to be granted class certification. "Where a plaintiff seeks 'only injunctive and declaratory relief, the numerosity requirement is relaxed and plaintiffs may rely on reasonable inferences arising from plaintiffs' other evidence that the number of unknown and future members is sufficient to make joinder impracticable.'" *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1203 (N.D. Cal. 2017) (quoting *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 317 F.R.D. 91, 100 (N.D. Cal. 2016)), *aff'd*, 867 F.3d 1093 (9th Cir. 2017). Similarly, "a court may draw a reasonable inference of class size from the facts before it." *Lynch v. Rank*, 604 F. Supp. 30, 36 (N.D. Cal. 1984), *aff'd*, 747 F.2d 528 (9th Cir. 1984), *opinion amended on reh'g*, 763 F.2d 1098 (9th Cir. 1985).

According to the Annual Report of the Visa Office, in 2018, the last year for which data are available, 533,557 immigrant visas were issued at U.S. consulates.[43] Approximately 236,526 of those immigrant visas were sponsored by, and issued to an immediate relative of, a U.S. citizen currently residing in the U.S.[44] Common sense indicates that the number of individual

---

[43] Report of the Visa Office 2018, Table IV, Summary of Visas Issued by Issuing Office: Fiscal Year 2018 Immigrant Visas Issued (by Foreign State of Chargeability or Place of Birth): Fiscal Year 2018, at 6, https://travel.state.gov/content/dam/visas/Statistics/AnnualReports/FY2018AnnualReport/FY18 AnnualReport%20%20-%20TableIV.pdf.

[44] In addition to the immigrant visas issued to immediate relatives of U.S. citizens, in 2018 U.S. consulates issued 211,641 immigrant visas to family members of U.S. permanent residents, 27,345 to applicants under one of the employment-based preference categories, and 48,578 to applicants selected in the diversity visa program.

U.S. citizen sponsors of immigrant visas in a given year is in the tens of thousands. The U.S.

Petitioner Subclass satisfies the numerosity requirement.

The Immigrant Visa Applicant Subclass includes all individuals who are currently or will

become eligible to apply for an immigrant visa at a U.S. consulate, and who are otherwise

eligible for a visa absent the Proclamation's singular requirement. From 2014-2018, an average

of 541,936 immigrant visas were issued by U.S. consulates each year.[45] Recent data from U.S.

Citizenship and Immigration Services indicates that in the third quarter of 2019, the agency

approved 173,063 I-130 petitions for immediate relatives and other family-sponsored applicants.

As of September 18, 2019, another 1,567,809 I-130 and I-140 immigrant petitions were pending

with U.S. Citizenship and Immigration Services.[46] The majority of both the recently approved

petitions and the pending petitions will ultimately result in an immigrant visa application at a

U.S. consulate.[47] Virtually all such applicants will be subject to the Proclamation. The Court can

thus reasonably conclude that the Immigrant Visa Applicant Subclass is sufficiently numerous.

*See Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 569 (C.D. Cal. 2008) (noting that "where the

---

[45] Report of the Visa Office 2018, Table II, Classes of Immigrants Issued Visas at Foreign
Service Posts: Fiscal Years 2014-2018, at 1,
https://travel.state.gov/content/dam/visas/Statistics/AnnualReports/FY2018AnnualReport/FY18
AnnualReport%20-%20TableII.pdf.

[46] All USCIS Application and Petition Form Types (Fiscal Year 2019, 3rd Quarter, Apr. 1-Jun.
30, 2019), at 1,
https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigrat
ion%20Forms%20Data/All%20Form%20Types/Quarterly_All_Forms_FY19Q3.pdf. From 2014-
2018, approximately 54% of approved I-130 petitions resulted in an immigrant visa application
at a U.S. consulate, rather than an application for adjustment of status filed from within the U.S.

[47] Report of the Visa Office 2018, Immigrant Visa Number Use by Category: Fiscal Year 2018,
at 1,
https://travel.state.gov/content/dam/visas/Statistics/Graphs/FY2018%20IV%20Issuances%20-
%20DoS%20vs%20USCIS.pdf.

exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied" (quotation marks omitted)); *see also, e.g.*, *Hum v. Dericks*, 162 F.R.D. 628, 634 (D. Haw. 1995) ("Courts have certified classes with as few as thirteen members."); *Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, 446 F.2d 763, 765-66 (8th Cir. 1971) (class of 20 sufficient).

Moreover, in addition to the number of individuals who are already scheduled for, or eligible to be scheduled for, immigrant visa interviews at a U.S. consulate, the proposed class also includes otherwise eligible U.S. citizen sponsors of, and foreign national applicants for, immigrant visas in the future. There are more than 1.5 million applicants who have immigrant petitions pending with U.S. Citizenship and Immigration Services, as well as more than three million documentarily qualified immigrant visa applicants who are on the waiting list for an immigrant visa because their immigrant category is subject to numerical limitation. As the figures regarding approved visas indicate, a substantial portion of these applicants will be deemed qualified. The presence of such future class members renders joinder inherently impractical, thereby satisfying the purpose behind the numerosity requirement. *See, e.g.*, *Ali v. Ashcroft*, 213 F.R.D. 390, 408 (W.D. Wash. 2003) ("[W]here the class includes unnamed, unknown future members, joinder of such unknown individuals is impracticable and the numerosity requirement is therefore met, regardless of class size." (quotation marks omitted)), *aff'd*, 346 F.3d 873 (9th Cir. 2003), *vacated on other grounds*, 421 F.3d 795 (9th Cir. 2005); *Smith v. Heckler*, 595 F. Supp. 1173, 1186 (E.D. Cal. 1984) (in injunctive relief cases, "[j]oinder in the class of persons who may be injured in the future has been held impracticable without regard to the number of persons already injured"); *Hawker v. Consovoy*, 198 F.R.D. 619, 625 (D.N.J. 2001) ("The joinder of potential future class members who share a common

characteristic, but whose identity cannot be determined yet is considered impracticable."). In light of these huge numbers, the numerosity requirement is easily satisfied here.

B.    **Plaintiffs' Claims Raise Legal And Factual Questions Common To The Class.**

Plaintiffs satisfy Rule 23(a)(2) when they show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This commonality requirement "has been construed permissively." *Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). A plaintiff "need not show . . . that every question in the case, or even a preponderance of questions, is capable of class wide resolution." *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (quotation marks omitted). Rather, even one shared legal issue can be sufficient. *See, e.g.*, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (noting that "commonality only requires a single significant question of law or fact"); *Walters*, 145 F.3d at 1046 ("What makes the plaintiffs' claims suitable for a class action is the common allegation that the INS's procedures provide insufficient notice.").

Class members need not be identical in all respects, and commonality may be satisfied, notwithstanding some variation among plaintiffs' questions of law and fact where the harm alleged is common to all class members. *Murphy v. Precision Castparts Corp.*, 2018 WL 3151426, at *2 (D. Or. June 6, 2018) (Beckerman, J.), *report and recommendation adopted*, 2018 WL 3150675 (D. Or. June 27, 2018); *Wit*, 317 F.R.D at 127. Accordingly, the existence of "shared legal issues with divergent factual predicates" is sufficient to satisfy Rule 23. *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014) (quoting *Hanlon*, 150 F.3d at 1019). In civil rights suits such as this one, commonality is satisfied where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members. Under such

circumstances, individual factual differences among class members pose no obstacle to commonality." *Parsons*, 754 F.3d at 682 (quoting *Rosas v. Baca*, 2012 WL 2061694, at *3 (C.D. Cal. June 7, 2012)).

Plaintiffs' lawsuit readily satisfies the Rule 23(a)(2)'s commonality requirement. To begin with, it presents significant common question of law, including: (1) whether the Defendant' Proclamation and its implementation exceeds the statutory authority provided Defendants by the INA; and (2) whether Defendants' Proclamation and its implementation violates Plaintiffs' and the class members' rights under (i) the APA and/or (ii) the Fifth Amendment. The Plaintiffs' claims also raise numerous common issues of fact including:

- whether, in issuing and implementing the Proclamation, Defendants relied on factors Congress did not intend for it to consider and/or failed to consider important aspects of the problem it is addressing;

- whether, in issuing and implementing the Proclamation, Defendants explained its decision counter to the evidence before it;

- whether Defendants quantified or considered harms that would result from the Proclamation and its implementation;

- whether Defendants failed to follow required procedures, including notice and opportunity for public comment, before issuing and implementing the Proclamation;

- whether the Proclamation's requirements are, in practice, irrational, vague, and unworkable, rendering impossible the uniform application of the laws or review of decisions for consistency with facts and evidence;

- whether the Proclamation is being or will be enforced so as either to prevent class members from reuniting here in the U.S., or to force their separation when a noncitizen family member must leave the country for a consular interview;

- whether the Proclamation and Defendants' actions taken to implement it were motivated by racial animus, sought to reduce immigration by people of color, or were otherwise based on the race, ethnicity, and/or national origin of the individuals affected;

- whether Defendants fail to address the Proclamation's discriminatory impact; and

- whether class members have suffered harm as a result of the Proclamation and Defendants' actions taken to implement it.

Any one of these common legal or factual issues, standing alone, is enough to satisfy Rule 23(a)(2)'s permissive standard. *See Inland Empire—Immigrant Youth Collective v. Nielsen*, 2018 WL 1061408, at *8 (C.D. Cal. Feb. 26, 2018) (quoting *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008)); *Caput v. NTT Security US Inc.*, 2019 WL 3308771, at *2 (C.D. Cal. Apr. 19, 2019) ("For the commonality requirement to be met, there must only be one single issue common to the proposed class." (quoting *Haley v. Medtronic*, 169 F.R.D. 643, 648 (C.D. Cal. 1996) (quotation marks and alterations omitted)).

In addition, the claims of Plaintiffs and the putative class members share a common core of facts and address a common injury. The members of the U.S. Petitioner Subclass are all individuals in the U.S. who currently have an approved or pending petition to the U.S. government to sponsor a noncitizen family member for an immigrant visa or who will soon file such a petition, and whose sponsored family member is subject to the Proclamation, but unable to demonstrate to the consular officer's satisfaction that such family member either "will be covered by approved health insurance" within 30 days after entry to the U.S. or will be able to

"pay for reasonably foreseeable medical costs." Similarly, all members of the Visa Applicant

Subclass are individuals who are foreign nationals who have applied for or will soon apply to the

U.S. government for an immigrant visa, are otherwise eligible to be granted a visa, but are

subject to the Proclamation and unable to demonstrate to the satisfaction of a consular officer

that they "will be covered by approved health insurance" within 30 days after entry or will be

able "to pay for reasonable foreseeable medical costs." Because the Proclamation is the primary

barrier to entry for the Visa Applicant Subclass and this barrier injures both subclasses, the

Plaintiffs and the proposed class members "have suffered the same injury." *Wal-Mart Stores,*

*Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147,

157 (1982)). And that common injury is clearly "capable of class wide resolution." *Id.*

Should the Court agree that Defendants exceeded their authority under the INA and/or

violated the APA, the Fifth Amendment, or any other law, all who fall within the proposed

classes will benefit from the requested relief: a declaration that the Proclamation is, in its

entirety, unlawful and invalid and the removal of this unlawful barrier to Plaintiffs' and/or their

family members' petition for an immigrant visa. A common answer as to the legality of the

Proclamation and its implementation will thus "drive the resolution of the litigation." *Ellis v.*

*Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (quoting *Wal-Mart*, 564 U.S. at 350).

Significantly, courts have made clear that even "[w]here the circumstances of each

particular class member vary but retain a common core of factual or legal issues with the rest of

the class, commonality exists." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th

Cir. 2012) (quotation marks omitted); *see also Walters*, 145 F.3d at 1046 ("Differences among

the class members with respect to the merits of their actual document fraud cases, however, are

simply insufficient to defeat the propriety of class certification. What makes the plaintiffs' claims

suitable for a class action is the common allegation that the INS's procedures provide insufficient notice."); *Arnott*, 290 F.R.D. at 586-87 (factual variations did not defeat certification where core legal issues were similar). Moreover, any factual differences that may exist among Plaintiffs and individual putative class members are immaterial to their core claim that the Proclamation and its implementation exceed Defendants' authority under the INA and violates the APA and Fifth Amendment of the U.S. Constitution. *See, e.g.*, *Hernandez v. Lynch*, 2016 WL 7116611, at *19 (C.D. Cal. Nov. 10, 2016) (granting certification in challenge to U.S. immigration officials' policies and practices surrounding bond requirements for detainees even though outcome of individual bond cases would depend on the facts of each case).

### C.    Plaintiffs' Claims Are Typical Of Class Members' Claims.

The claims of the plaintiffs who represent the class must be typical of the class claims. Fed. R. Civ. P. 23(a)(3). The purpose of this requirement is to "assure[] that the interests of the named representatives align with those of the class" as a whole. *Weinberger v. Thornton*, 114 F.R.D. 599, 603 (S.D. Cal. 1986). The typicality standard is also "permissive" in that the claims of the individual plaintiffs are "typical" if "they are reasonably co-extensive with those of absent class members; [the claims] need not be substantially identical." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the individual plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (quotation marks omitted); *see also Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (typicality satisfied because "though Petitioner and some of the other members of the proposed class are detained under different statutes and are at different points in the remand process . . . they . . . raise similar constitutionally-based arguments and are alleged victims of the same practice of prolonged

detention while in immigration proceedings"); *Staley v. Kulongoski*, No. 3:00-cv-00078-ST, Dkt.

No. 31, Order at 7 (D. Or. 2000) (plaintiffs alleging systemic violations of the Social Security

Act, ADA, Rehabilitation Act, and Due Process Clause "easily" met the typicality requirement

by showing that they had all been denied needed Medicaid services).

     In this case, Plaintiffs are individuals in the U.S. who have sponsored an immediate

relative for an immigrant visa, or foreign nationals who are or will be applying for an immigrant

visa under one of the immigrant categories subject to the Proclamation. Plaintiffs' claims arise

from the Proclamation's intended imposition of a new ground of inadmissibility for otherwise

qualified immigrant visa applicants who cannot demonstrate to a consular officer at the time of

the immigrant visa interview that they "will be covered by approved health insurance" within 30

days after entry or are wealthy enough—and/or healthy enough—"to pay for reasonably

foreseeable medical costs." The unlawful barrier imposed on the Plaintiffs—the implementation

and enforcement of the Proclamation—will be imposed equally on every class member who has

sponsored or will apply for an immigrant visa. Therefore, the claims of the individual Plaintiffs

in this case are substantially identical to those of the proposed class members. Although the

Plaintiffs' underlying circumstances differ in terms of financial status, current or future

healthcare needs, applicable immigrant visa category, and stage of the immigrant visa application

process, they nevertheless are typical as class members because they will suffer the same

substantial, irreparable harm: the permanent separation of close family members, or the denial of

a visa to which they would be eligible under the INA.

     Moreover, as with commonality, any factual differences between Plaintiffs and proposed

class members are not material enough to defeat typicality. *See, e.g.*, *Hanlon*, 150 F.3d at 1020

(under "permissive" typicality standard, representative claims need only be "reasonably co-

extensive with those of absent class members; they need not be substantially identical"); *LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985) ("The minor differences in the manner in which the representative's Fourth Amendment rights were violated does not render their claims atypical of those of the class."); *cf. Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (certifying Rule 23(b)(2) class despite differences in the exact nature of the harm suffered by class members).

### D.    Plaintiffs Will Adequately Protect The Interests Of The Proposed Class And Their Counsel Are More Than Qualified To Litigate This Action.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy depends on "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Walters*, 145 F.3d at 1046 (quotation marks omitted); *see also Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) ("Determining whether representation is adequate requires the court to consider two questions: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" (quotation marks omitted)). Plaintiffs' counsel are deemed qualified when they possess experience in previous class actions and cases involving the same area of law. *See Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001); *Lynch*, 604 F. Supp. at 37 (N.D. Cal. 1984). Both Plaintiffs and their counsel satisfy these requirements.

#### 1.    Class Representatives

Plaintiffs will fairly and adequately protect the interests of the proposed class. Plaintiffs do not seek any unique or additional benefit from this litigation that may make their interests

different from or adverse to those of absent class members. Instead, Plaintiffs' aim is to secure injunctive relief that will protect themselves and the entire class from Defendants' challenged practices. Accordingly, Plaintiffs lack any antagonism with the class, and their interests align squarely with the other proposed class members.

### 2.    Class Counsel

Putative class counsel will be able to prosecute this matter vigorously and adequately protect the interests of the absent class members. Plaintiffs are represented attorneys from the American Immigration Lawyers Association, Innovation Law Lab, Justice Action Center, and Sidley Austin LLP with significant experience in immigrants' rights issues and numerous class actions—including civil rights cases. They have more than sufficient resources to litigate this matter vigorously. Indeed, within a matter of weeks, they have filed a complaint, obtained a temporary restraining order, and moved for a preliminary injunction and class certification. Class counsel are also experienced in class action litigation and have successfully sought class certification in past cases. *See*, *e.g.*, *NECA-IBEW Pension Trust Fund v. Precision Castparts Corp.*, Case No. 3:16-cv-01756-YY (D. Or. 2017) (Innovation Law Lab); *Valle del Sol v. Whiting*, No. CV 10-1061-PHX-SRB, 2012 WL 12868853 (D. Ariz. July 24, 2012) (Justice Action Center); *Unknown Parties v. Johnson*, 163 F. Supp. 3d 630 (D. Ariz. 2016) (Justice Action Center); *Ms. J.P. v. Jefferson B. Sessions, et al.*, Case No. LA CV18-06081 (C.D. Cal. Nov. 5, 2019) (Sidley Austin LLP) (granting certification to a class of immigrants subjected to the government's family separation policy). Class counsel will continue to vigorously represent both the named and absent class members.

### E.    The Class Is Sufficiently Ascertainable.

Although ascertainability is not required for class certification in the Ninth Circuit, *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017), the proposed class is,

nevertheless, sufficiently ascertainable because it is "administratively feasible" to ascertain whether an individual is a member. *Greater Los Angeles Agency on Deafness, Inc. v. Reel Servs. Mgmt. LLC*, 2014 WL 12561074, at *5 (C.D. Cal. May 6, 2014) (quotation marks omitted) (finding ascertainable proposed class of individuals who are deaf or hard of hearing and require closed captioning). Here, membership in the class is defined by clear and objective criteria— class members are either: (a) individuals in the U.S. who currently have an approved or pending petition to the U.S. government to sponsor a noncitizen family member for an immigrant visa, or who will soon file such a petition, and whose sponsored family member is subject to the Proclamation and unable to demonstrate to a consular officer's satisfaction that he or she "will be covered by approved health insurance" within 30 days after entry or will be able "to pay for reasonably foreseeable medical costs"; or (b) foreign nationals who have applied or will apply to the U.S. government for an immigrant visa, are otherwise eligible to be granted the visa, but are subject to the Proclamation and unable to demonstrate to the satisfaction of a consular officer that they "will be covered by approved health insurance within 30 days after entry or will be able to "pay for reasonably foreseeable medical costs."

These parameters are "precise, objective, and presently ascertainable." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (quotations omitted) (observing that class definitions for actions maintained under Rule 23(b)(2) involve less precision than actions for damages requiring notice to the class); *see also, e.g.*, *Lamumba Corp. v. City of Oakland*, 2007 WL 3245282, at *4 (N.D. Cal. Nov. 2, 2007) ("Plaintiffs putative class is based on the objective factors of business ownership, race, and indebtedness to the City, and therefore is sufficiently defined."). The fact that some administrative process may be required to identify class members does not undermine ascertainability. *See, e.g.*, *Moreno v. Napolitano*, 2014 WL

4911938, at *6-7 (N.D. Ill. Sept. 30, 2014) (finding that the necessity of manually reviewing tens of thousands of detainer forms to identify class members did not undermine ascertainability) (citing *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539 (6th Cir. 2012)).

## II.    The Action Satisfies The Requirements of Rule 23(b).

In addition to satisfying the four requirements of Rule 23(a), the proposed class also satisfies Rule 23(b). While certification is appropriate where the class fits into only one Rule 23(b) category, the class here meets the requirements of both Rules 23(b)(2) and 23(b)(1)(A).

### A.    Certification Is Proper Under Rule 23(b)(2).

Certification of a class under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). In the Ninth Circuit, "[i]t is sufficient" that "class members complain of a pattern or practice that is generally applicable to the class as a whole." *Walters*, 145 F.3d at 1032, 1047. "'The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Lyon v. ICE*, 308 F.R.D. 203, 213 (N.D. Cal. 2015) (quoting *Wal-Mart*, 564 U.S. at 360).

In contrast to Rule 23(b)(3) classes, "the focus [in a Rule 23(b)(2) class] is not the claims of the individual class members, but rather whether [the Defendants] ha[ve] engaged in a 'common policy.'" *In re Yahoo Mail Lit.*, 308 F.R.D. 577, 599 (N.D. Cal. 2015) (quotation marks omitted). Thus, "[t]he fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)." *Rodriguez,* 591 F.3d, at 1123; *see also Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) (emphasizing that, although "the claims of individual class

members may differ factually," certification under Rule 23(b)(2) is a proper vehicle for challenging "a common policy"). Such circumstances may, however, "counsel the formation of subclasses." *Rodriguez*, 591 F.3d at 1123; *see, e.g.*, *Arroyo v. U.S. Dep't of Homeland Sec.*, 2019 WL 2912848, at *11 (C.D. Cal. June 20, 2019) (certifying Rule 23(b)(2) class where two subclasses alleged different statutory and constitutional claims based on a single practice and sought uniform relief that would have been applicable to all class members).

Rule 23(b)(2)'s requirements are met here. Through the implementation and enforcement of the Proclamation the Defendants have acted, have threatened to act, and will act on grounds generally applicable to the class. Specifically, the Defendants seek to deny immigrant visas to otherwise eligible applicants and the noncitizen family members of individuals living in the U.S. solely based on the inability to demonstrate to a consular officer's satisfaction that they "will be covered by approved health insurance" within 30 days after entry or will be able "to pay for reasonably foreseeable medical costs." A single injunction finding the Proclamation unlawful would protect both Plaintiffs and other class members from the wrongful denial of immigrant visas applications. Accordingly, the proposed class warrants certification under Rule 23(b)(2). *See, e.g.*, *Walters*, 145 F.3d at 1047 (certifying Rule 23(b)(2) class based on Defendants' practice of providing deficient notice of deportation procedures); *Parsons v. Ryan*, 754 F.3d 657, 689 (9th Cir. 2014) (finding declaratory and injunctive relief proper as to the whole class where "every [member] in the proposed class is allegedly suffering the same (or at least a similar) injury and that injury can be alleviated for every class member by uniform changes in . . . policy and practice").

Because Plaintiffs and proposed class members all have suffered or will suffer the same harm as a result of the government's challenged practice, and because they seek singular

injunctive and corresponding declaratory relief that remedy those injuries, certification under Rule 23(b)(2) is proper.

**B.      Certification Is Proper Under Rule 23(b)(1)(A).**

The proposed class may also be properly certified under Rule 23(b)(1)(A). Under that provision, class certification is appropriate if the prosecution of separate actions by individual members of the class would create the risk of "inconsistent or varying adjudications … that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).

The instant case presents "[a] 'core example' of an action under 23(b)(1)(A)": where "many individuals, all challenging a single government policy, bring separate suits for injunctive relief." *Gray*, 2014 WL 5304915, at *37 (quoting Newberg on Class Actions § 4:11 (5th ed.)). Specifically, the Defendants here have adopted a single policy—the Proclamation—through which they seek to bar otherwise qualified immigrants visa applicants from receiving visas unless those individuals can establish "to the satisfaction of a consular officer" that they either "will be covered by approved health insurance" within 30 days of entry or can "pay for reasonably foreseeable medical costs." Individual actions challenging and seeking to define the Defendants' authority under this single policy present a significant risk of varying adjudications defining obligations and requirements under the Proclamation in a manner that is confused and inconsistent, resulting in the development of multiple standards governing immigrants' entry into the U.S. Accordingly, certification under 23(b)(1)(A) is appropriate. *Gray*, 2014 WL 5304915, at *37 (Rule 23(b)(1)(A) certification is appropriate where "if each member of the proposed class litigated their claims individually there would be a risk that each individual case would impose a different standard" on the defendants); *see also, e.g.*, *Hernandez*, 2016 WL 7116611, at *19 (certifying 23(b)(1)(A) class of plaintiffs challenging U.S. immigration officials' policies and

practices surrounding bond requirements for detainees, stating that "[t]he Rule's requirements are easily satisfied here because if each Proposed Class member challenged the policies and practices at issue individually, there is a risk of inconsistent adjudications that would subject Defendants to different rulings on the validity of these policies and practices"); *Adair v. England*, 2019 F.R.D. 5, 12 (D.D.C. 2002) (certifying under 23(b)(1)(A) a class of plaintiffs who challenged a single policy regarding the hiring, retention, and promotion of Navy chaplains, finding that such certification "is most common in cases in which the class seeks declaratory or injunctive relief against the government to provide unitary treatment to all members of a defined group" and cautioning that individual actions "could well lead to a scenario in which the Navy has to follow incompatible standards of conduct" (quotation marks omitted)).

Because Plaintiffs and proposed class members seek injunctive relief against a single government policy and separate adjudications regarding the policy present the risk of "inconsistent or varying adjudications and would establish incompatible standards for the party opposing the class," certification under Rule 23(b)(1)(A) is proper.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and enter an order certifying the proposed class under Rule 23(b)(2) and/or Rule 23(b)(1)(A); appoint Plaintiffs as class representatives; and appoint the Plaintiffs' counsel from the American Immigration Lawyers Association, Innovation Law Lab, Justice Action Center, and Sidley Austin LLP as class counsel.

DATED this 8th day of November, 2019.

                                        INNOVATION LAW LAB

                                        s/ *Stephen Manning*

**Karen C. Tumlin** (admitted *pro hac vice*)      **Stephen Manning** (SBN 013373)
karen.tumlin@justiceactioncenter.org     stephen@innovationlawlab.org
**Esther H. Sung** (admitted *pro hac vice*)       **Nadia Dahab** (SBN 125630)
esther.sung@justiceactioncenter.org      nadia@innovationlawlab.org
JUSTICE ACTION CENTER                    333 SW Fifth Avenue #200
P.O. Box 27280                           Portland, OR 97204
Los Angeles, CA 90027                    Telephone: +1 503 241-0035
Telephone: +1 323 316-0944               Facsimile: +1 503 241-7733

                                        -and-

                                        **Scott D. Stein** (admitted *pro hac vice*)
                                        sstein@sidley.com
                                        **Kevin M. Fee** (admitted *pro hac vice*)
                                        kfee@sidley.com
                                        SIDLEY AUSTIN LLP
                                        One South Dearborn St.
                                        Chicago, IL 60603
                                        Telephone: +1 312 853-7520
                                        Facsimile: +1 312 853-7036

                                        **Jesse Bless** (admitted *pro hac vice*)
                                        jbless@aila.org
                                        AMERICAN IMMIGRATION LAWYERS
                                        ASSOCIATION
                                        1301 G. Street, Ste. 300
                                        Washington, D.C. 20005
                                        Telephone: +1 781 704-3897
                                        Facsimile: +1 202 783-7853

                                        *Attorneys for Plaintiffs*