**Stephen Manning** (SBN 013373)
smanning@ilgrp.com
**Nadia Dahab** (SBN 125630)
nadia@innovationlawlab.org
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: +1 503 241-0035
Facsimile: +1 503 241-7733

**Karen C. Tumlin** (admitted *pro hac vice*)
karen.tumlin@justiceactioncenter.org
**Esther H. Sung** (admitted *pro hac vice*)
esther.sung@justiceactioncenter.org
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: +1 323 316-0944

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| JOHN DOE #1; JUAN RAMON MORALES; JANE DOE #2; JANE DOE #3; IRIS ANGELINA CASTRO; BLAKE DOE; BRENDA VILLARRUEL; and LATINO NETWORK,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; KEVIN MCALEENAN, in his official capacity as Acting Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX M. AZAR II, in his official capacity as Secretary of the Department of Health and Human Services; U.S. DEPARTMENT OF STATE; MICHAEL POMPEO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.: 3:19-cv-01743-SB<br><br>**DECLARATION OF CHARLES H. KUCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| John Doe, et. al., ) | Case No.: 3:19-cv-01743-SB |
| ) | **Declaration of Charles H.** |
| *Plaintiffs*, ) | **Kuck** |
| ) | |
| v. ) | |
| Donald Trump, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## DECLARATION OF CHARLES H. KUCK

I, Charles H. Kuck, being an adult of sound mind and body, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. My name is Charles H. Kuck. I am an attorney licensed in the State of Georgia. I have been practicing immigration law for more than 30 years. I am the Managing Partner of Kuck Immigration Partners. I am a former national president of the American Immigration Lawyers Association (AILA), and the past president of the Alliance of Business Immigration Lawyers (ABIL). I have extensive experience in meetings, both public and private with the Department of

Page 2 - DECLARATION OF CHARLES H. KUCK IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

State's Consular Process. I am personally familiar with, and knowledgeable of, the method by which the Department of State treats visa applicants, analyzed immigrant visa eligibility and determines inadmissibility.

2. I have represented a number of applicants who, in the course of the last two years have been denied an immigrant visa at a consulate for reasons related to prior alien smuggling, public charge, and prior immigration misrepresentations. In each of these situations, prior to leaving the United States, the applicant had obtained approval an of a Form I-601A, wavier of inadmissibility for unlawful presence.

3. In each of these cases, when the consular official denied the immigrant visa for other reasons, the previously approved waiver of inadmissibility was cancelled, and the client had to reapply for that waiver, and apply for a waiver of the additional ground of inadmissibility found by the consulate. The client was not allowed to re-enter the United States and had to remain in the foreign country, separated from their family in the U.S. throughout this process.

4. In the case of denials for the public charge ground of inadmissibility, 8 USC 1182(a)(4)(A), the consular official remained unsatisfied with the additional sources of support and affiants to additional Affidavits of Support, resulting in a consular denial of indefinite duration. Again, the client was not allowed to re-enter the United States and had to remain in the foreign country, separated from their family in the U.S. throughout this process.

5. Moreover, the reconsideration process is extremely complex to navigate

Page 3 - DECLARATION OF CHARLES H. KUCK IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

even for the most seasoned attorneys. It requires multiple emails, phone calls, and letters to try and navigate the consular offices. Indeed, each Consulate has its own set of rules.

6. It is clear, that should an individual be denied for a failure to obtain health insurance, under the "new" policy, that any waiver obtain prior to removal will be cancelled, and will result in significant, if not permanent, delay in returning to the United States under the approved immigrant visa.

7. The idea that the refusal of an immigrant visa at the interview and the subsequent opportunity for additional information through "visa reconsideration" is timely and would not harm the applicant is simply false. Even in those cases in which individuals have overcome initial "public charge" grounds of inadmissibility, consular reconsideration has taken months, and in one case almost 10 months, prior to the grant of the immigrant visa stamp and reentry into the United States.

8. These extraordinary and unnecessary delays result in extreme family suffering and hardship, loss of income (in many cases the primary source of income), and the need for US family to use government assistance.

Page 4 - DECLARATION OF CHARLES H. KUCK IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

## Verification

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on November 6, 2019,

*[signature]*

Charles H. Kuck