**Stephen Manning** (SBN 013373)
smanning@ilgrp.com
**Nadia Dahab** (SBN 125630)
nadia@innovationlawlab.org
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: +1 503 241-0035
Facsimile: +1 503 241-7733

**Karen C. Tumlin** (admitted *pro hac vice*)
karen.tumlin@justiceactioncenter.org
**Esther H. Sung** (admitted *pro hac vice*)
esther.sung@justiceactioncenter.org
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA  90027
Telephone: +1 323 316-0944

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page.)*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JOHN DOE #1; JUAN RAMON MORALES; JANE DOE #2; JANE DOE #3; IRIS ANGELINA CASTRO; BLAKE DOE; BRENDA VILLARRUEL; and LATINO NETWORK, <br><br>                  Plaintiffs, <br><br>     v. <br><br> DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; KEVIN MCALEENAN, in his official capacity as Acting Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX M. AZAR II, in his official capacity as Secretary of the Department of Health and Human Services; U.S. DEPARTMENT OF STATE; MICHAEL POMPEO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA, <br><br>                  Defendants. | Case No.: 3:19-cv-01743-SB <br><br><br> **DECLARATION OF NADIA DAHAB IN SUPPORT OF PLAINTTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

I, Nadia Dahab, upon my personal knowledge, hereby submit this declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

1.      I am a Senior Staff Attorney at Innovation Law Lab and counsel for Plaintiffs in the above-captioned matter.

2.      On November 2, 2019, this Court held a hearing on Plaintiffs' Motion for Temporary Restraining Order, and later issued an Order "temporarily restrain[ing] and enjoin[ing] [Defendants] from taking any action to implement or enforce Presidential Proclamation No. 9945."  In that order, the Court held that "Plaintiffs have satisfied their burden of showing Defendants' implementation of the Proclamation likely constitutes final agency action that is 'arbitrary, capricious, [or] an abuse of discretion.'"  The Court also issued a scheduling order requiring Plaintiffs to file their Motion for Preliminary Injunction by Friday, November 8, 2019.  The Court set hearing on Plaintiffs' Motion for Preliminary Injunction for Friday, November 22, 2019.

3.      On Sunday, November 3, 2019, I sent an e-mail to Defendants' counsel inquiring about when Plaintiffs could expect to receive a copy of the administrative record.  After receiving no response, I sent a follow-up e-mail to Defendants' counsel on Monday, November 4, 2019, requesting a response to my inquiry by 5:00 p.m. Eastern Standard Time that same day.

4.      Later in the day on Monday, November 4, 2019, I received an email from Mr. Andrew Bernie, counsel for Defendants, stating that Defendants do not intend to produce an administrative record by this Friday, and inviting Plaintiffs to meet and confer on the issue.

5.      On Tuesday, November 5, 2019, the parties conferred telephonically.  My colleagues, Esther Sung and Stephen Manning, requested the administrative record relating to the the posting on the U.S. Department of State's website informing prospective visa applicants that

their visas would be denied if they could not satisfy the Proclamation's requirements.  My colleagues also requested the administrative record relating to the Notice of Information Collection under OMB Emergency Review, published on October 29, 2019, which seeks public comment on a methodology adopted by the State Department to implement the Proclamation. Finally, my colleagues explained that, to the extent the Defendant agencies had been prepared to implement the Proclamation on November 3, 2019, and had decided on how that implementation would occur, such a decision and implementation constitutes final agency action within the meaning of the Administrative Procedures Act.  Defendants' counsel informed my colleagues that they would respond to our inquiry after they conferred with their clients.

6.    On Wednesday, November 6, 2019, I sent an e-mail to Defendants, following up on Plaintiffs' request for the administrative record.  Later that day, I sent a follow-up email asking for Defendants' position by 10:00 a.m. Pacific Standard Time on Thursday, November 7, 2019, and that if Defendants were unable to respond by then, Plaintiffs would seek the Court's guidance on the issue.

7.    On Thursday, November 7, 2019, I received an e-mail Mr. Brian Ward, counsel for Defendants, stating that, in Defendants' view "no administrative record for the Proclamation is required or appropriate" because "the President is not an administrative agency subject to the APA."  Mr. Ward further explained Defendants' position that no record is required for "State's notification regarding the Proclamation on its website;" and that "[a]s to the Federal Register notice regarding information collection, Plaintiffs are not challenging OMB's approval of the information collection under the Paperwork Reduction Act."

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 8th day of November, 2019.

s/Nadia H. Dahab
**Nadia H. Dahab**, OSB No. 125630