**Stephen Manning** (SBN 013373)
stephen@innovationlawlab.org
**Nadia Dahab** (SBN 125630)
nadia@innovationlawlab.org
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
Telephone: +1 503 241-0035
Facsimile: +1 503 241-7733

**Karen C. Tumlin** (admitted *pro hac vice*)
karen.tumlin@justiceactioncenter.org
**Esther H. Sung** (admitted *pro hac vice*)
esther.sung@justiceactioncenter.org
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA  90027
Telephone: +1 323 316-0944

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page.)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| JOHN DOE #1; JUAN RAMON MORALES; JANE DOE #2; JANE DOE #3; IRIS ANGELINA CASTRO; BLAKE DOE; BRENDA VILLARRUEL; and LATINO NETWORK,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; CHAD F. WOLF, in his official capacity as Acting Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX M. AZAR II, in his official capacity as Secretary of the Department of Health and Human Services; U.S. DEPARTMENT OF STATE; MICHAEL POMPEO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.: 3:19-cv-01743-SI<br><br><br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

On November 20, 2019, Defendants produced a limited set of documents in response to the Court's order on Plaintiffs' Motion to Compel. The documents confirm that the Proclamation is not "self-executing," as Defendants have claimed.[1] *See* Opposition to Plaintiffs' Motion for Preliminary Injunction ("Opp.") at 22 (ECF 84). Instead, they reflect that the State Department perceived itself as the implementing agency. *See* Partial Administrative Record, ECF 91, at 48 (November 1, 2019 Email Message to Posts stating that "Posts must begin implementation of P.P. 9945 on November 3, 2019."); ECF 91, at 28 ("Emergency review and approval of this information collection is necessary for the Department to implement PP 9945 when it goes into effect on November 3, 2019."). The State Department took action to implement the Proclamation as scheduled on November 3, 2019. ECF 91, at 11 (October 23, 2019, Action Memo for the Secretary). The documents show the State Department commanded compliance with the announcement on its website and emails it planned to send from the National Visa Center. *See* ECF 91, at 11.

These electronic communications were the tools the State Department used to announce new "procedures which all must follow" at consular interviews, and the consequences of non-compliance. *See Sugar Cane Growers Co-op. of Fla. v. Veneman*, 289 F.3d 89, 96 (D.C. Cir. 2002) (agency "press release" announcing new procedures and sanctions was subject to APA review as a "rule by any other name"); *State of S.C. ex rel. Patrick v. Block*, 558 F. Supp. 1004, 1011 (D.S.C. 1983) (describing an announcement as rulemaking "regardless of the label under

---

[1] Moreover, injunctions are appropriate to enjoin actions of agency officials charged with following Presidential commands. *See City and County of San Francisco*, 897 F.3d 1225 (9th Cir. 2018) (noting an injunction that "did not enjoin any action by the President himself" can properly enjoin "the Administration official charged with following [the President's] commands"); *see also Knight First Amendment Institute at Columbia University v. Trump*, 302 F. Supp. 3d 541 (S.D.N.Y. 2019) (finding courts empowered to enjoin the President directly but observing "as a matter of comity" lower officials may be enjoined " even though the effect of the process is to restrain or compel the President") (quoting *Nixon v. Sirica*, 487 F.2d 700, 709 (D.C. Cir. 1973) (en banc) (per curiam)).

PAGE 1 -- PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

which [the agency] chose to announce" its actions or how it "publish[ed] [its] decision to implement [the] action.").

Because the website and emails are the means by which the State Department communicated its expectations of immediate compliance with mandatory procedures, and served to publicly announce implementation decisions effective November 3, they constitute final agency action subject to the APA.  *See id.*; *Make the Rd. New York v. McAleenan*, 2019 WL 4738070, at *32 (D.D.C. Sept. 27, 2019) (quoting *Elec. Privacy Info. Ctr. v. DHS*, 653 F.3d 1, 7 (D.C. Cir. 2011))  ("It is enough for the agency's statement to 'purport to bind' those subject to it, that is, to be cast in 'mandatory language' so 'the affected private parties are reasonably led to believe that failure to conform will bring adverse consequences.'").

Defendants' documents also confirm that the agency established new interview requirements not specifically mentioned in the Proclamation, which provides additional support for Plaintiffs' claims under the Administrative Procedure Act ("APA").  During interviews, individuals could be questioned "verbally" about the personal details of their medical conditions, even after providing additional information through the proposed new information collection, ECF 91, at 28 (Supporting Statement for Paperwork Reduction Act), and they could be denied a visa if they lack adequate documentation when they arrive at the consular office.[2] These new screening techniques implicate the rights of regulated parties and constitute an additional and substantial burden, as well as a further invasion into individuals' privacy.  Because the new interview policy "substantially changes the experience" of regulated parties, the changes should have been subjected to notice-and-comment rulemaking.  *Elec. Privacy Info. Ctr.*, 653 F.3d at 7 (holding that new TSA high imaging screening should have been introduced with notice-and-

---

[2] ECF 91, at 17 (October 30 ALDAC) ("[I]f at the time of interview the consular officer requests additional evidence to establish that the applicant has approved health insurance or the financial resources to pay for medical costs, the case should first be refused under INA 221(g) in order to allow the applicant to submit the requested documentation. If the applicant submits documents that are insufficient to overcome the reasons for the INA 221(g) refusal, the applicant must be refused using the refusal code HC1.").

PAGE 2 – PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

comment rulemaking even though passengers are already subject to screening because the new technique "substantially changes the experience of airline passengers").

Defendants' documents also confirm that the agency understood the new healthcare insurance requirement was effectively a new public charge rule. ECF 91, at 28 ("[T]he Department is seeking approval of a separate proposed information collection (DS 5540, Public Charge Questionnaire) through standard procedures that will incorporate this question into a form asking for other financial information from applicants."); *id.* at 38 (quoting from the proclamation instead of providing a substantive answer to question #9: "Isn't this just another way to restrict family-based immigration, on top of recent changes to Public Charge regulations?"). As such, it was just as much a matter for rulemaking as the public charge rule itself.

Nothing in the materials provides a defense to Plaintiffs' claims under the APA. The documents only confirm that the State Department made no findings of their own and did not conduct any independent evaluations to support their implementation decisions. Instead, the State Department incorporated the reasoning of the Proclamation by reference, and merely parroted its language to wave away what it understood to be problems with its actions. *See, e.g.*, ECF 91, at 43–44 (Talking Points for Congressional Call Questions 8 and 9); *id.* at 28 (Health Insurance Emergency Justification). By merely adopting the President's reasoning, the agency exposed itself to challenges based on the flawed reasoning in the Proclamation itself. *See E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 770 (9th Cir. 2018); *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1326 (D.C. Cir. 1996).

Finally, the documents debunk the notion that the agency's hands were tied and it had no choice but to implement the proclamation on November 3 notwithstanding its failure to satisfy either the substantive or procedural requirements of the APA. *See* 5 U.S.C. § 706(2); *see also* ECF 91, at 19.

The APA presumes enough coordination between the executive and the agencies to ensure new policies can be implemented according to the APA's standards. But even if there

PAGE 3 – PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

was no such coordination here, the agency was required to comply with legislative directives, and had at least 30 days to do so between the date of the Proclamation and its effective date. Given the agency's failures, it's implementation should be set aside under the APA.  The State Department cannot possibly take cover under the Proclamation where the Proclamation itself requires implementation consistent with the law, *see generally* 5 U.S.C. § 706(2); ECF 91, at 2-10, and the agency could not implement it lawfully on November 3rd. *Saget v. Trump*, 375 F. Supp. 3d 280, 335 (E.D.N.Y. 2019) (injunction against executive branch was proper where it did not direct "any executive official to reach a certain policy conclusion but rather abide by the mandates of the APA. [the authorizing statute], and the Constitution"); *id.* ("The United States is a government of laws, not of men.  Executive officials, be they senior or subordinate, must follow the law."); *see also Kendall v. United States*, 37 U.S. (1 Pet.) 524, 612- 13 (1838) (noting that the President's responsibility to "take care that the law be faithfully executed" does not empower him to forbid lower government officials from properly executing law).

In sum, the documents Defendants produced confirm the arguments they made in response to Plaintiffs' Motion for Preliminary Injunction are without merit.  The Proclamation was not "self-executing," and the State Department is properly subject to the requirements of the APA.  And because the documents offer no defense to either the procedural or substantive challenges Plaintiffs' bring, Plaintiffs are likely to succeed on the merits of their APA claim.

DATED this 21st day of November, 2019

| | |
|---|---|
| | INNOVATION LAW LAB |
| **Karen C. Tumlin** (admitted *pro hac vice*) | *s/Nadia H. Dahab* |
| karen.tumlin@justiceactioncenter.org | Stephen Manning (SBN 013373) |
| **Esther H. Sung** (admitted *pro hac vice*) | **stephen@innovationlawlab.org** |
| esther.sung@justiceactioncenter.org | Nadia Dahab (SBN 125630) |
| JUSTICE ACTION CENTER | **nadia@innovationlawlab.org** |
| P.O. Box 27280 | 333 SW Fifth Avenue #200 |
| Los Angeles, CA  90027 | Portland, OR 97204 |
| Telephone: +1 323 316-0944 | Telephone: +1 503 241-0035 |
| | Facsimile: +1 503 241-7733 |
| | -and- |
| **Jesse Bless** (admitted *pro hac vice*) | **Scott D. Stein** (admitted *pro hac vice*) |
| jbless@aila.org | sstein@sidley.com |
| AMERICAN IMMIGRATION LAWYERS ASSOCIATION | **Kevin M. Fee** (admitted *pro hac vice*) |
| 1301 G. Street, Ste. 300 | kfee@sidley.com |
| Washington, D.C. 20005 | SIDLEY AUSTIN LLP |
| | One South Dearborn St. |
| | Chicago, IL  60603 |

PAGE 5 – PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION