## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON,
## PORTLAND DIVISION

| | |
|---|---|
| JOHN DOE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, *in his official capacity as President of the United States*, *et al.*,<br><br>Defendants,<br><br>STATE OF OREGON, *et al.*,<br><br>*Amici Curiae*,<br><br>and<br><br>IMMIGRATION REFORM LAW INSTITUTE,<br><br>Movant. | No. 3:19-cv-01743-SI |

### MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to FED. R. CIV. P. 7 and this Court's local civil rule 7.1, movant Immigration Reform Law Institute ("IRLI") respectfully seeks this Court's leave to file the accompanying brief as an *amicus curiae* in support of the federal defendants' opposition (ECF #137) to the plaintiffs' motion for a temporary restraining order (ECF #135).[*] Pursuant to Local Civil Rule 7.1(a), movant IRLI contacted the parties' counsel for a position on this motion, but only this Court can provide the relief requested — leave to file the *amicus* brief — so the parties cannot resolve the issue without a motion. Given the exigent nature of the briefing and hearing of the motion for a

---

[*]    Consistent with FED. R. APP. P. 29(a)(4)(E), counsel for *amicus* authored this brief in whole; no counsel for a party authored this brief in any respect; and no person or entity — other than *amicus*, its members, and its counsel — contributed monetarily to this brief's preparation or submission. Further, although FED. R. CIV. P. 7.1 does not apply to an *amicus curiae*, IRLI has no parent company and no outstanding stock.

temporary restraining order ("TRO") and the jurisdictional and ethical nature of the issues that *amicus* brief raises, IRLI proposed that the parties request the opportunity to file post-hearing submissions to address any issues that the *amicus* brief raises that the Court and the parties do not have an opportunity to resolve at the hearing. The defendants consented to the filing of the *amicus* brief; plaintiffs oppose IRLI's motion and the proposed request for post-hearing submissions.

## IDENTITY AND INTERESTS OF MOVANT

Movant IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases, including an *amicus* brief in the district court proceedings in this litigation. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

## REASONS TO GRANT MOVANTS *AMICUS CURIAE* STATUS

Although no federal or local rule provides for *amicus curiae* briefs here, this Court allows the filing of *amicus* briefs in appropriate cases. *See*, *e.g.*, *Deschutes River All. v. Portland GE*, 323 F. Supp. 3d 1171, 1174 (D. Or. 2018); *see also* Order, at 1 (Nov. 12, 2019) (ECF #73). Given the absence of applicable rules, movant IRLI looks to the appellate rules' criteria for granting leave to file *amicus* briefs to support its motion here.

The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be

well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, *Federal Appeals — Jurisdiction and Practice* 181 (3d ed. 1999) and Robert L. Stern, *Appellate Practice in the United States* 306, 307-08 (2d ed. 1989)). With that background, movant IRLI respectfully submits that its proffered brief will bring several relevant matters to the Court's attention:

- The *amicus* brief discusses the need for Article III jurisdiction in class actions and the lack of a showing by plaintiffs that named class representatives face imminent injury from the newly challenged proclamation. *Amicus* Br. at 3-4.

- Similarly, IRLI argues that any injury that the applicant class suffers is not redressable because injunctive relief is not available against the President, and the Department of Homeland Security ("DHS") defendants lack the authority to reinstate the State Department consular emergency services that plaintiffs seek to reinstate. *Amicus* Br. at 4-5, 5-6.

- Finally, IRLI argues that the plaintiffs' motion identifies a conflict between applicants who are close to "aging out" by turning 21 and the applicants behind them in line, Pls.' Mot. at 10, a conflict that has two implications here: (1) the existing subclasses are not adequate to represent the various interests here, *Amicus* Br. at 6-7; and (2) class counsel have an ethical conflict that they do not appear to have addressed or considered. *Amicus* Br. at 7-8.

These issues are all relevant to this Court's decision on the plaintiffs' motion for a temporary restraining order, and are issues that this Court should consider *sua sponte*, even if not raised by the defendants. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990). Accordingly, movant

respectfully submits that its brief will aid the Court.

IRLI had intended to move for leave to file the accompanying *amicus* brief yesterday, April 28, but was unable to do so because of technical difficulties with the "NextGen" ECF and PACER systems. An identical copy of the accompanying *amicus* brief was emailed to the parties' counsel yesterday, along with a copy of this motion that differed only in the addition of this paragraph and the date on the motion and the certificate of service.

For the foregoing reasons, movant Immigration Reform Law Institute respectfully requests that this Court grant the motion for leave to file the accompanying *amicus curiae* brief.

Dated: April 29, 2020                                   Respectfully submitted,

                                                       /s/ Richard D. Franklin
                                                       _____
Christopher J. Hajec                                   Richard D Franklin, O.S.B. No. 822600
Immigration Reform Law Institute                       PO Box 2187
25 Massachusetts Ave. NW, Suite 335                    Gresham OR 97030
Washington, DC 20001                                   Tel: 503 201-0099
Telephone: (202) 232-5590                              Fax: 503 666-9614
chajec@irli.org                                        Email: rfranklin@comcast.net

                                                       *Counsel for Movant Immigration Reform Law*
                                                       *Institute*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON,
PORTLAND DIVISION**

|  |  |
|---|---|
| JOHN DOE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, *in his official capacity as President of the United States*, *et al.*,<br><br>Defendants,<br><br>STATE OF OREGON, *et al.*,<br><br>*Amici Curiae*,<br><br>and<br><br>IMMIGRATION REFORM LAW INSTITUTE,<br><br>Movant. | No. 3:19-cv-01743-SI |

**[PROPOSED] ORDER**

On considering the motion of Immigration Reform Law Institute for leave to file a brief as *amicus curiae* in support of defendants' opposition to plaintiff's motion for a temporary restraining order, the argument submitted in support thereof and opposition thereto, and the entire record herein, the Court holds that the motion should be granted. For the foregoing reasons, it is hereby

**ORDERED** that the Motion for Leave to File is GRANTED; and it is

**FURTHER ORDERED** that the Clerk is directed to file the Brief submitted with the Motion for Leave to File.

Dated: _____, 2020

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April 2020, I electronically filed the foregoing motion — together with the accompanying *amicus curiae* brief and proposed order — with the Clerk using the CM/ECF system, which I understand to have served the parties' counsel who are registered in as CM/ECF users.


/s/ Richard D. Franklin
———————————————————
Richard D. Franklin